# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WRIGHT,<br>    Plaintiff, | Case No. 1:16-cv-1031 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| JUDGE NADINE ALLEN,<br>et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Noble Correctional Institution in Caldwell, Ohio, has filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 by three state-actor defendants and under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), by two federal judicial officers. (*See* Doc. 1, Complaint). The case, which was initially filed in the Eastern Division of this Court, was transferred to this Court on October 27, 2016. (*See* Doc. 3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also pending before the Court is the plaintiff's ex parte motion for temporary restraining order and request for emergency hearing. (Doc. 2).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against Judges Nadine L. Allen and Richard A. Niehaus of the Hamilton County, Ohio, Court of Common Pleas; United States Magistrate Judge Stephanie K. Bowman and United States District Court Judge Susan J. Dlott, who serve on this Court; and Sherry L. Poland, the Director of Elections for Hamilton County. (*See* Doc. 1, Complaint, pp. 2-3, at PAGEID#: 12-13).

In Count One, plaintiff alleges claims against defendants Allen and Niehaus, which arose in a criminal proceeding wherein petitioner was convicted and sentenced to a prison term following a jury trial in April 2012. Plaintiff alleges that defendant Allen, who was the "legally

3

assigned judge to properly hear [his] criminal cases," acted "with malicious purposes" and "conspir[ed] to bribe a visiting judge . . . by reassigning those cases" to defendant Niehaus. (*Id.*, pp. 3, 8, at PAGEID#: 13, 18). Plaintiff claims that Niehaus "improperly accepted" plaintiff's case and, as a visiting judge acting outside the scope of his "official duties," conducted a "*kangaroo court* . . . using a sham process." (*Id.*) (emphasis in original). Plaintiff further claims that defendants Allen and Niehaus "violated their oaths of office as judges . . . by conspiring to commit courtroom criminal acts in depriving the Plaintiff of his right to a fair trial by committing a multitude of structural errors." (*Id.*, p. 4, at PAGEID#: 14). The "structural errors" that purportedly occurred include: (1) Allen's reassignment of the case to Niehaus, who plaintiff claims was biased and prejudiced and "had a[n] interest in the outcome of the proceedings"; (2) the denial of plaintiff's right to self-representation after his court-appointed attorney stated that he was unprepared for trial; (3) the denial of plaintiff's right to compulsory process in obtaining witnesses in his favor; (4) the holding of an "unauthorized trial" in April 2012 "using sham legal process"; (5) Niehaus's holding an "unauthorized" trial in which plaintiff "was not required to testify and did not knowingly, intelligently, and voluntarily waive his Fifth Amendment right to remain silent"; (6) Niehaus's denial of plaintiff's post-judgment motion for new trial and "incorrect judgment entry" based on Niehaus's failure to journalize that ruling. (*See id.*, pp. 4-7, at PAGEID#: 14-17). Plaintiff claims that he was deprived of a "final appealable order" because of Niehaus's failure to journalize the denial of the new trial motion. (*Id.*, pp. 6-7, at PAGEID#: 16-17). In his "Prayer for Relief" pertaining to Count One, plaintiff seeks a declaratory judgment stating that (1) plaintiff's conviction in the Hamilton County criminal case (No. B1003741) "is null and void"; and (2) when a pending federal habeas action is resolved "by a

grant of habeas corpus or a proper dismissal," the state judges "would not be entitled to absolute immun[ity] . . . and can be held civilly liable in a suit for money damages." (*Id.*, p. 10, at PAGEID#: 20).

In Count Two, plaintiff claims that defendants Allen and Niehaus "are both depriving and interfering with Plaintiff's constitutional right to vote in this next . . . election of November 2016," as well as in future elections. (*Id.*, p. 11, at PAGEID#: 21). Plaintiff also alleges that defendant Poland, who represents the State of Ohio in this matter, has been prevented from providing plaintiff "with an absentee ballot [due] to an illegal non-conviction in which he was not duly tried, convicted, sentenced and imprisoned for crimes in accordance with Ohio law [due] to the pending State post-judgment motion for new trial." (*Id.*). In the "Prayer for Relief" pertaining to Count Two, plaintiff requests injunctive relief in the form of an order directing Poland "to immediately provide Plaintiff with an absentee ballot from . . . Hamilton County" and a declaratory judgment "that the void judgment entry is unenforceable under the laws of the State of Ohio [due] to the State courts' failure to journalize the denial of the now pending State post-judgment motion for new trial." (*Id.*, p. 13, at PAGEID#: 23).

Finally, in Count Three, plaintiff brings claims against defendants Bowman and Dlott, stemming from proceedings held on his federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 with this Court in Case No. 1:15-cv-123. (*See id.*). Plaintiff first claims that he improperly filed the petition as a § 2254 petition and that he should have instead filed it under 28 U.S.C. § 2241 "because he does not have a final judgment of the State trial court under Ohio law." (*Id.*). A review of the online docket record for Case No. 1:15-cv-123 reflects that on July 8, 2016, Judge Dlott entered a final order and judgment adopting Magistrate Judge Bowman's

5

February 11, 2016 Report and Recommendation to grant the respondent's motion to dismiss the petition with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d). *See Christopher Wright v. Warden, Noble Corr. Inst.*, No. 1:15-cv-123 (S.D. Ohio) (Docs. 32, 40-41). On August 4, 2016, Judge Dlott denied the petitioner's post-judgment motion to amend the petition and for reconsideration. *See id.* (Docs. 42-43). In this case, plaintiff challenges various rulings that were made in that federal habeas proceeding and claims that defendants Dlott and Bowman, who were "well aware that the State trial court was committing a criminal act of using sham legal process to operate a kangaroo court" and "that there is no final appealable order [due] to the pending motion for new trial," have conspired against him with defendants Allen and Niehaus. (*See* Doc. 1, Complaint, pp. 14-15, at PAGEID#: 24-25). In the "Prayer for Relief" pertaining to this count, plaintiff seeks injunctive relief in the form of an order requiring defendants Bowman and Dlott to recuse themselves from another pending habeas case (No. 2:16-cv-448) filed by petitioner in the Eastern Division of this Court.[1] (*Id.*, p. 18, at PAGEID#: 28). Plaintiff also requests a declaratory judgment providing that his conviction in the Hamilton County criminal case (No. B1003741) "is null and void." (*Id.*).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

First, to the extent that plaintiff has alleged claims against defendants Allen and Niehaus based on actions taken and rulings made in the underlying state criminal proceeding in 2012,

---

[1] Upon review of the online docket records for Case No. 2:16-cv-448, it appears that the case, which was originally assigned to Judge Marbley and Magistrate Judge Jolson of the Eastern Division of this Court, was reassigned to Judge Dlott and Magistrate Bowman because the case is related to Case No. 1:15-cv-123. *See Christopher Wright v. Warden, Noble Corr. Inst.*, Case No. 2:16-cv-448 (S.D. Ohio) (Doc. 7). The case is currently pending before the Court on the respondent's motion to transfer the petition to the Sixth Circuit as a successive petition. *Id.* (Doc. 16). The petitioner has been granted an extension of time, with a deadline date of November 8, 2016, in which to respond to that motion. *See id.* (Doc. 17).

well over two years prior to the filing of the instant action, plaintiff's cause of action under 42 U.S.C. § 1983 against those state-actor defendants is time-barred. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).[2]

---

[2] It is further noted that to the extent plaintiff challenges his state conviction in the instant action and seeks to void the judgment of conviction and sentence entered in the Hamilton County criminal case, such a claim is subject to dismissal because plaintiff has failed to state a viable claim under § 1983 given that a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

Second, even assuming that plaintiff's claims against Niehaus and Allen are not time-barred, he has failed to state a viable claim under § 1983 against those two state judges or under *Bivens* against the two federal judicial officers who have also been named as defendants in the complaint. It is well-settled that judges are generally absolutely immune from civil suits. *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014) (citing *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Forrester v. White,* 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 135 S.Ct. 1561 (2015). The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles*, 502 U.S. at 11 ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages"); *Ward v. United States Dist. Court for W. Dist. Tennessee,* No. 14-2707-T-DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (citing *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001)) (dismissing on screening a prisoner complaint against a federal district court for the alleged violation of the plaintiff's civil rights during a suppression hearing); *Smith v. Skryzynski*, No. 2:16cv12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) (citing *Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446-47 (E.D. Mich. 2006)) (pointing out in dismissing claims against a state court judge that the "1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief"); *Easterling v. Rudduck*, No. 1:14cv876, 2015 WL 1567844, at *5 (S.D. Ohio Apr. 6, 2015) (Litkovitz, M.J.) (Report & Recommendation) ("That plaintiff seeks only equitable or injunctive relief has no bearing on the" dismissal of a complaint against a state judge entitled to absolute immunity from suit), *adopted*, 2015 WL 2452437 (S.D.

8

Ohio May 21, 2015) (Dlott, J.); *see also Arnold v. Greeley*, No. 2:14cv58, 2014 WL 1878914, at *2 (W.D. Mich. May 12, 2014); *Duncan v. The Dep't of Justice*, No. 2:07-10164, 2007 WL 1584198, at *3 (E.D. Mich. May 31, 2007). This far-reaching protection was not adopted "for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes*, 105 F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

Given the "strong policy justifications for the doctrine," absolute judicial immunity can be overcome only when the plaintiff's claims are based on (1) non-judicial actions, such as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Bright*, 753 F.3d at 649 (quoting *Mireles*, 502 U.S. at 11-12). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright*, 753 F.3d at 649 (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes*, 105 F.3d at 1122) ("[o]nly in the absence of subject matter

jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes"). Therefore, as the Supreme Court has also made clear, the immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles,* 502 U.S. at 11, 13 (and Supreme Court cases cited therein); *see also Bright*, 753 F.3d at 649-50 (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)) (holding that the district court erred in denying absolute judicial immunity to the defendant judge with subject matter jurisdiction over the underlying criminal proceedings, who had engaged in actions that "were petty, unethical, and unworthy of his office").

In the instant case, although plaintiff has generally asserted that the defendant judicial officers were acting outside the scope of their "official duties," it appears clear from the face of the complaint that the complained-of actions pertain entirely to the performance of tasks and duties that were judicial in nature. *Cf. Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (quoting *Forrester*, 484 U.S. at 227) ("The application of judicial immunity is simple and non-controversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). Moreover, plaintiff's allegations do not even remotely suggest that the judges lacked subject matter jurisdiction in the cases that were assigned to them. Despite plaintiff's contention to the contrary, it appears clear that all four judicial officers acted within the scope of their official judicial roles and clearly had jurisdictional authority to issue the rulings that have been challenged by plaintiff and/or to preside over the matters that plaintiff has contested in the instant

action. Finally, to the extent that plaintiff has generally claimed that the judges were involved in a conspiracy against him, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009). Here, plaintiff's vague, unsubstantiated and conclusory allegation of conspiracy lacks the requisite specificity to state a cognizable claim against the state and federal judges.

Therefore, plaintiff's claims against defendants Allen, Niehaus, Bowman and Dlott are appropriately subject to summary dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. *Cf. Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint because the complaint brought against a judge entitled to "absolute judicial immunity" was "unsubstantial and absolutely devoid of merit"); *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (same); *see also Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994)) (dismissing civil rights complaint for damages brought against federal judicial employees); *Gregory v. United States*, No. 12-2693-STA-TMP, 2013 WL 3874752, at *6 (W.D. Tenn. July 25, 2013) (*sua sponte* dismissing complaint brought against a federal district court judge who refused to recuse himself from a case and "issued unfavorable orders" in that case); *Thomas v. Armstrong*, No. 3:08cv229, 2008 WL 474065, at *2 (N.D. Ohio Feb. 19, 2008) (summarily dismissing complaint brought against a United States Magistrate Judge for issuing "sham legal process" when she signed a warrant for the plaintiff's arrest).

Finally, plaintiff has not stated a claim upon which relief may be granted to the extent he

seeks to bring a claim against defendants Allen, Niehaus and Poland for depriving him of his right to vote in the upcoming election and future elections. Under Ohio law, a person convicted of a felony loses his or her eligibility to vote while incarcerated. *See, e.g.,* Ohio Rev. Code §§ 2961.01(A)(1) & 3503.21. Plaintiff has not alleged any facts even remotely suggesting that defendant Poland has done anything improper in failing to send him an absentee ballot while he remains an inmate at Noble Correctional Institution. The allegations against defendants Allen and Niehaus stem from their actions in the state criminal proceeding that led to plaintiff's conviction and sentence, which in turn impacted plaintiff's right to vote under Ohio law. As discussed above, those two state court judges are absolutely immune from liability for actions that were taken or rulings that were made in their judicial capacity and within their jurisdictional authority.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants. For the foregoing reasons, plaintiff's motion for temporary restraining order and emergency hearing (Doc. 2), which includes a showing of strong likelihood of success on the merits,[3] should also be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint (Doc. 1, Complaint) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's motion for temporary restraining order and emergency hearing (Doc. 2) be **DENIED**.

---

[3] *See, e.g., Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *see also Byerly v. Ross Corr. Inst.*, No. 2:13cv411, 2016 WL 6094144, at *3 (S.D. Ohio Oct. 19, 2016).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/2/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER WRIGHT,
    Plaintiff,

vs.

JUDGE NADINE ALLEN, et al.,
    Defendants.

Case No. 1:16-cv-1031

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc